**Thomas BOMBERO, Plaintiff–Appellant,**

v.

**WARNER–LAMBERT COMPANY, Defendant–Appellee.**

No. 00–7708.

United States Court of Appeals, Second Circuit.

April 16, 2001.

William B. Barnes, Fairfield, CT, for appellant.

Patrick W. Shea, Paul, Hastings, Janofsky & Walker, LLP, Stamford, CT, for appellee.

Present FEINBERG, McLAUGHLIN and PARKER, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the said District Court be and it hereby is AFFIRMED.

Thomas Bombero appeals from the judgment of the United States District Court for the District of Connecticut (Chatigny, J.) entered on April 26, 2000, granting summary judgment to defendant Warner Lambert Company and dismissing his complaint in its entirety. Bombero brought this suit under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, claiming that Warner Lambert failed to hire him because of his age and that Warner Lambert terminated his position as a contract engineer in retaliation for his filing a complaint with the Connecticut Commission on Human Rights and Opportunities.

On appeal, appellant argues that, under the standard enunciated in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), there was sufficient evidence to preclude the granting of summary judgment in favor of the defendant. Interpreting *Reeves*, this Court has held that, in evaluating a summary judgment motion, a court must examine the entire record to determine whether plaintiff could satisfy his " 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated [or retaliated] against him.' " *Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir.2000) (quoting *Reeves*, 120 S.Ct. at 2106). Although the district

court's decision in this case pre-dates the Supreme Court's decision in *Reeves,* we are satisfied that the district court properly examined the entire record in evaluating whether appellant could satisfy his burden of persuading a trier of fact that Warner Lambert discriminated or retaliated against him.

Therefore, we affirm for substantially the same reasons as set forth below, in *Bombero v. Warner–Lambert Co.,* 142 F.Supp.2d 196 (D.Conn.2000).

For the reasons set forth above, the judgment of the district court is AFFIRMED.